Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | Latasha | Maria | Culberson |
| | First Name | Middle Name | Last Name |
| Debtor 2 | Van | Andrew | Culberson |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the Northern District of Georgia

Case number  20-10653
(if known)

☒ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.

3.2

# Chapter 13 Plan

NOTE: The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 21-2017, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 21-2017 as it may from time to time be amended or superseded.

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

In the following notice to creditors, you must check each box that applies.

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

Check if applicable.

☐ The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a timely proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan.*

| § 1.1 | A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2 | ☒ Included | ☐ Not Included |
|---|---|---|---|
| § 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4 | ☐ Included | ☒ Not Included |
| § 1.3 | Nonstandard provisions, set out in Part 8 | ☐ Included | ☒ Not Included |

Debtor   Latasha Maria Culberson and Van Andrew Culberso   Case number  20-10653

### Part 2: Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims

**§ 2.1  Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

Check one:   ☒ 36 months      ☐ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay ___$1,510.00___ per ___month___ for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

☒ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.):*

| Beginning on (insert date) | The Regular Payment amount will change to (insert amount) | For the following reason (insert reason for change) |
|---|---|---|
| January 2021 | $1,847.00 per month | Completion of Debtor Wife's 401k loan repayment. |

**§ 2.2  Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply.*

☒ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____

**§ 2.3  Income tax refunds.**

*Check one.*

☒ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☐ Debtor(s) will (1) supply the trustee with a copy of each income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any income tax refund during the applicable commitment period for tax years _____, the amount by which the total of all of the income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows:

_____

**§ 2.4  Additional Payments.**

*Check one.*

☒ None. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**§ 2.5  [Intentionally omitted.]**

**§ 2.6  Disbursement of funds by trustee to holders of allowed claims.**

(a) **Disbursements before confirmation of plan.** The trustee will make preconfirmation adequate protection payments to holders of allowed claims as set forth in §§ 3.2 and 3.3.

(b) **Disbursements after confirmation of plan.** Upon confirmation, after payment of the trustee's statutory fee, the trustee will disburse Regular Payments, Additional Payments, and Tax Refunds that are available for disbursement to make payments to holders of allowed claims as follows:

(1) **First disbursement after confirmation of Regular Payments.** In the first disbursement after confirmation, the trustee will disburse all available funds from Regular Payments in the following order:

(A) To pay any unpaid preconfirmation adequate protection payments required by 11 U.S.C. § 1326(a)(1)(C) as set forth in § 3.2, § 3.3, and

Debtor  Latasha Maria Culberson and Van Andrew Culberso    Case number 20-10653

orders of the Bankruptcy Court;

(B) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

(C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on nonpriority unsecured claims as set forth in § 5.2; and on executory contracts and unexpired leases as set forth in § 6.1; and

(D) To pay claims in the order set forth in § 2.6(b)(3).

**(2) Second and subsequent disbursements after confirmation of Regular Payments.** In the second disbursement after confirmation, and each month thereafter, the trustee will disburse all available funds from Regular Payments in the order below. All available Regular Payments will be distributed to the claims in each paragraph until such claims are paid in full.

(A) To make concurrent monthly payments, including any amount past due under this plan: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

(B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs; and

(C) To pay claims in the order set forth in § 2.6(b)(3).

**(3) Disbursement of Additional Payments and Tax Refunds.** The trustee will disburse the Additional Payments and Tax Refunds in the following order:

(A) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

(B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs;

(C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

(D) To pay other Allowed Secured Claims as set forth in § 3.6;

(E) To pay allowed claims entitled to priority under 11 U.S.C. § 507, other than administrative expenses and domestic support obligations; and

(F) To pay nonpriority unsecured claims not otherwise classified as set forth in § 5.1 ("Unclassified Claims") and to pay nonpriority unsecured claims separately classified as set forth in § 5.3 ("Classified Claims"). The trustee will estimate the total amounts to be disbursed during the plan term (1) to pay Unclassified Claims and (2) to pay Classified Claims. Funds available for disbursement on these claims will be allocated pro rata to each class, and the funds available for disbursement for each class will be paid pro rata to the creditors in the class.

**(4)** Unless the debtor(s) timely advise(s) the trustee otherwise in writing, the trustee may treat and disburse any payments received from the debtor(s) as Regular Payments.

## Part 3:  Treatment of Secured Claims

**§ 3.1  Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☒ Beginning with the first payment that is due after the date of the order for relief under Chapter 13, the debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor(s). Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below.

If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless the Bankruptcy Court orders otherwise, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of creditor | Collateral | Estimated amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| AmeriHome Mortgage Company, LLC | 14 Evan Ct, Grantville, GA, 30220 | $8.58 | 0.00 % | $15.00 |

**§ 3.2  Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

Debtor   Latasha Maria Culberson and Van Andrew Culberso        Case number  20-10653

☒ The debtor(s) request(s) that the Bankruptcy Court determine the value of the secured claims listed below.

For each non-governmental secured claim listed below, the debtor(s) state(s) that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless the Bankruptcy Court orders otherwise, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each creditor checked below, debtor(s) will file a motion pursuant to Bankruptcy Rule 3012 and the Chapter 13 General Order to request determination of the amount of the secured claim.

For each listed claim below, the value of the secured claim will be paid in full with interest at the rate stated below. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan.

The trustee will make monthly preconfirmation adequate protection payments that 11 U.S.C. § 1326(a)(1)(C) requires to the creditor in the amount set out in the column headed *Monthly preconfirmation adequate protection payment*.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth below, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| + | Check only if motion to be filed | Name of creditor | Estimated amount of total claim | Collateral and date of purchase | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly pre-confirmation adequate protection payment | Monthly post-confirmation payment |
|---|---|---|---|---|---|---|---|---|---|---|
| – | ☐ | C&F Finance Company | $22,629.14 | 2015 Kia Optima | $13,095.00 | $0.00 | $13,095.00 | 4.25% | $200.00 | $200.00 increasing to $700.00 in March 2021 |
| – | ☐ | Capital One Auto Finance | $34,158.58 | 2017 Dodge Ram 07/2017 | $22,150.00 | $0.00 | $22,150.00 | 4.25% | $300.00 | $300.00 increasing to $800.00 in March 2021 |

§ 3.3   Secured claims excluded from 11 U.S.C. § 506.

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

§ 3.4   Lien avoidance.

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

§ 3.5   Surrender of collateral.

*Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

§ 3.6   Other Allowed Secured Claims.

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of  3.25 %. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

Debtor  Latasha Maria Culberson and Van Andrew Culberso   Case number 20-10653

| Part 4: | Treatment of Fees and Priority Claims |

### § 4.1  General.

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest. An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

### § 4.2  Trustee's fees.

Trustee's fees are governed by statute and may change during the course of the case.

### § 4.3  Attorney's fees.

(a) The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $___4,160.00___. The allowance and payment of the fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 22-2017 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b) Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c) The Bankruptcy Court may allow additional fees, expenses, and costs to the attorney for debtor(s) in excess of the amount shown in § 4.3(a) above upon application of the attorney in compliance with the Chapter 13 Attorney's Fees Order and after notice and a hearing.

(d) From the first disbursement after confirmation, the attorney will receive payment under § 2.6(b)(1) up to the allowed amount set forth in § 4.3(a).

(e) The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $___675.00___ per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in § 2.6, until all allowed amounts are paid in full.

(f) If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $___2,810.00___, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(g) If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $___2,810.00___, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order. The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal. If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(h) If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(i) If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

### § 4.4  Priority claims other than attorney's fees.

☐ None. If "None" is checked, the rest of § 4.4 need not be completed or reproduced.

(a) Check one.

☒ The debtor(s) has/have no domestic support obligations. If this box is checked, the rest of § 4.4(a) need not be completed or reproduced.

☐ The debtor(s) has/have domestic support obligations as set forth below. The debtor(s) is/are required to pay all post-petition domestic support obligations directly to the holder of the claim.

| | Name and address of creditor | Name and address of child support enforcement agency entitled to § 1302(d)(1) notice | Estimated amount of claim | Monthly plan payment |
|---|---|---|---|---|
| + | | | | |
| - | | | | |

(b) The debtor(s) has/have priority claims other than attorney's fees and domestic support obligations as set forth below:

| | Name and address of creditor | Estimated amount of claim |
|---|---|---|
| + | | |
| - | Internal Revenue Service, PO Box 7346, Philadelphia, PA 19101 | $9,902.87 |
| - | Georgia Department of Revenue, 1800 Century Blvd, Ste 17200, Atlanta, GA 30345 | $1,700.02 |

Debtor  Latasha Maria Culberson and Van Andrew Culbers(  Case number  20-10653

### Part 5: Treatment of Nonpriority Unsecured Claims

**§ 5.1** Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6. Holders of these claims will receive:

*Check one.*

- ☐ A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

- ☐ A pro rata portion of the larger of (1) the sum of $_____ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

- ☐ The larger of (1) _____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

- ☒ 100% of the total amount of these claims

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

**§ 5.2** Maintenance of payments and cure of any default on nonpriority unsecured claims.

*Check one.*

- ☒ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**§ 5.3** Other separately classified nonpriority unsecured claims.

*Check one.*

- ☒ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6: Executory Contracts and Unexpired Leases

**§ 6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*

- ☒ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### Part 7: Vesting of Property of the Estate

**§ 7.1** Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).

### Part 8: Nonstandard Plan Provisions

**§ 8.1** Check "None" or list Nonstandard Plan Provisions.

- ☒ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Debtor  Latasha Maria Culberson and Van Andrew Culberson     Case number 20-10653

## Part 9: Signatures

**§ 9.1 Signatures of Debtor(s) and Attorney for Debtor(s).**

The debtor(s) must sign below. The attorney for the debtor(s), if any, must sign below.

✘ /s/ Latasha Maria Culberson
Signature of debtor 1 executed on 09/08/2020
MM / DD / YYYY

14 Evan Ct,                      Grantville, GA, 30220
Address                          City, State, ZIP code

✘ /s/ Van Andrew Culberson
Signature of debtor 2 executed on 09/08/2020
MM / DD / YYYY

14 Evan Ct,                      Grantville, GA, 30220
Address                          City, State, ZIP code

✘ /s/ Craig A. Cooper 941033
Signature of attorney for debtor(s)

Date: 09/08/2020
MM / DD / YYYY

The Semrad Law Firm, LLC
Firm

235 Peachtree St Ne Ste 300      Atlanta, GA 30303
Address                          City, State, ZIP code

By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.

Label Matrix for local noticing
113E-3
Case 20-10653-whd
Northern District of Georgia
Newnan
Mon Aug  3 13:10:22 EDT 2020

ACCEPTANCE NOW
5501 Headquarters Dr
ATTN: Acceptance Now Customer Service
Plano, TX 75024-5837

AMERIHOME MTG CO, LLC
1 Baxter Way
Suite 300
Thousand Oaks, CA 91362-3888

(p)AUTOMOBILE ACCEPTANCE CORPORATION
PO BOX 961926
RIVERDALE GA 30296-6914

AmeriHome Mortgage Company, LLC
Po Box 631730
Irving, TX 75063-0002

C&F FINANCE COMPANY
1313 E MAIN ST STE 400
RICHMOND, VA 23219-3756

C&F FINANCE COMPANY
PO BOX 2129,
RICHMOND, VA 23218-2129

C&F FINCE CO
1313 E MAIN STREET SUITE 400
RICHMOND, VA 23219-3756

CAPITAL ONE
P O Box 30253
Salt Lake City, UT 84130-0253

CAPITAL ONE AUTO FINAN
4515 N Santa Fe Ave
Dept. APS
Oklahoma City, OK 73118-7901

CAPITALONE
c/o Pollack & Rosen, P.C
1825 Barrett Lakes Blvd Suite 510
Kennesaw, GA 30144-7519

CBNA
Po Box 6497
Sioux Falls, SD 57117-6497

COMENITY BANK/BUCKLE
PO BOX 182789
COLUMBUS, OH 43218-2789

COMENITYBANK/VICTORIA
PO BOX 182789
COLUMBUS, OH 43218-2789

CREDIT ONE BANK NA
PO BOX 98875
LAS VEGAS, NV 89193-8875

CREDITONEBNK
PO BOX 98872
LAS VEGAS, NV 89193-8872

Capital One Auto Finance, a division of Capi
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118-7901

Citibank, N.A.
5800 S Corporate Pl
Sioux Falls, SD 57108-5027

Craig A Cooper
The Semrad Law Firm, LLC
Suite 300
235 Peachtree Street NE
Atlanta, GA 30303-1404

Latasha Maria Culberson
14 Evan Ct
Grantville, GA 30220-2022

Van Andrew Culberson Jr
14 Evan Court
Grantville, GA 30220-2022

DEPT OF EDUCATION/NELN
121 S 13TH ST
LINCOLN, NE 68508-1904

DEPTEDNELNET
PO Box 740283
Atlanta, GA 30374-0283

Melissa J. Davey
Melissa J. Davey, Standing Ch 13 Trustee
Suite 200
260 Peachtree Street, NW
Atlanta, GA 30303-1236

Department of Justice, Tax Division
75 Ted Turner Drive SW
Civil Trial Section, Southern
Atlanta, GA 30303-3315

EXETER FIN
PO BOX 166097
IRVING, TX 75016-6097

Vesela Z. Eminovska
The Semrad Law Firm
Suite 300
235 Peachtree Street NE
Atlanta, GA 30303-1404

FARMERS FURN
ATTN CORP CREDIT DEPT POB 1140
DUBLIN, GA 31040-1140

(p)FARMERS FURNITURE
ATTN CORPORATE CREDIT DEPT
PO BOX 1140
DUBLIN GA 31040-1140

FIRST INV SC
380 INTERSTATE NORTH PKWY #300
ATLANTA, GA 30339-2222

| | | |
|---|---|---|
| FIRST PREMIER BANK<br>c/o Jefferson Capital Systems LLC PO Box<br>c/o Linda Dold<br>Saint Cloud, MN 56302 | FST PREMIER<br>601 S Minneapolis Ave<br>Sioux Falls, SD 57104 | GM FINANCIAL<br>801 CHERRY ST STE 3900<br>FORT WORTH, TX 76102-6839 |
| (p)GEORGIA DEPARTMENT OF REVENUE<br>COMPLIANCE DIVISION<br>ARCS BANKRUPTCY<br>1800 CENTURY BLVD NE SUITE 9100<br>ATLANTA GA 30345-3202 | Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Internal Revenue Service - Atl<br>401 West Peachtree St NW Room 1665<br>ATTN: Ella Johnson, M/S 334-D<br>Atlanta, GA 30308 |
| LVNV Funding LLC<br>c/o Resurgent Capital Services<br>P.O. Box 10587<br>GREENVILLE, SC 29603-0587 | LVNV Funding, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | MERRICK BANK<br>Resurgent Capital Services<br>PO Box 10368<br>Greenville, SC 29603-0368 |
| MERRICK BANK CORP<br>One Paces West<br>Suite 1400<br>Atlanta, GA 30327-2734 | MIDLAND CREDIT MANAGEMENT, INC.<br>as agent for MIDLAND FUNDING, LLC<br>PO BOX 2011<br>WARREN MI 48090-2011 | MIDLAND MTG<br>999 Nw Grand Blvd<br>Oklahoma City, OK 73118-6051 |
| MidFirst Bank<br>999 N.W. Grand Blvd.<br>Oklahoma City, OK 73118-6051 | NISSAN MOTOR ACCEPTANC<br>PO BOX 660360<br>DALLAS, TX 75266-0360 | ONEMAIN<br>605 Munn Rd E<br>Fort Mill, SC 29715-8421 |
| Office of Attorney General<br>40 Capitol Sq Sw<br>Atlanta, GA 30334-9057 | PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| Premier Bankcard, Llc<br>Jefferson Capital Systems LLC Assignee<br>Po Box 7999<br>Saint Cloud Mn 56302-7999 | Quantum3 Group LLC as agent for<br>MOMA Funding LLC<br>PO Box 788<br>Kirkland, WA  98083-0788 | Quantum3 Group LLC as agent for<br>MOMA Trust LLC<br>PO Box 788<br>Kirkland, WA  98083-0788 |
| RECMGMT SRVC<br>240 EMERY STREET<br>BETHLEHEM, PA 18015-1980 | STALLINGS FINANCIAL GR<br>1111 S MARIETTA PKWY SE<br>MARIETTA, GA 30060-2885 | STALLINGS FN<br>P.O. BOX 4430<br>MARIETTA, GA 30061-4430 |
| SUNSET FIN<br>510 MOUNTAIN VIEW DR SUITE 500<br>SENECA, SC 29672-2145 | SYNCB/JCP<br>PO BOX 965007<br>Orlando, FL 32896-5007 | Special Assistant US Attorney<br>401 W. Peachtree St, NW<br>Atlanta, GA 30308 |
| Laura D. Suggs<br>Campbell & Brannon, LLC<br>5565 Glenridge Connector<br>Suite 350<br>Atlanta, GA 30342-4705 | Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | United States Attorney<br>Northern District of Georgia<br>75 Ted Turner Drive SW, Suite 600<br>Atlanta GA 30303-3309 |

| | | |
|---|---|---|
| United States Attorney's Office<br>75 Ted Turner Dr Sw Ste 600<br>Atlanta, GA 30303-3309 | Verizon<br>by American InfoSource as agent<br>4515 N Santa Fe Ave<br>Oklahoma City, OK 73118-7901 | WEBBNK/FHUT<br>6250 RIDGEWOOD ROA<br>SAINT CLOUD, MN 56303-0820 |
| WORLD FINANCE CORPORAT<br>2640B METROPOLITAN PKWY<br>ATLANTA, GA 30315-7921 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| AUTOMOBILE ACCEPTANCE<br>749 MAIN ST<br>RIVERDALE, GA 30274 | FARMERS HOME FURNITURE<br>PO BOX 1140<br>DUBLIN, GA 31040 | Georgia Department of Revenue<br>1800 Century Blvd<br>Suite 17200<br>Atlanta, GA 30345 |
| (d)Georgia Department of Revenue<br>1800 Century Blvd, Suite 9100<br>Atlanta, GA 30345 | Portfolio Recovery Associates, LLC<br>POB 41067<br>Norfolk VA 23541 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)Capital One Auto Finance, a division of Ca<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 | (d)MidFirst Bank<br>999 N.W. Grand BLVD<br>Oklahoma City, OK 73118-6051 | End of Label Matrix<br>Mailable recipients   63<br>Bypassed recipients    2<br>Total                 65 |

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

IN RE: ) CHAPTER 13
)
**LATASHA MARIA CULBERSON &** ) CASE NO. **20-10653** - WHD
**VAN ANDREW CULBERSON, JR** )
)
DEBTORS. )

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that I am more than 18 years of age, and that on this day; I served, or caused to be served, a copy of the Amended Chapter 13 Plan upon the following by depositing a copy of the same in U.S. Mail with sufficient postage affixed thereon to ensure delivery:

**Latasha Maria Culberson**
**Van Andrew Culberson**
14 Evan CT
Grantville, GA 30220


(*see Creditor Mailing Matrix annexed hereto*)


I further certify that, by agreement of parties, Melissa J. Davey, standing Chapter 13 Trustee, was served via the ECF electronic mail/noticing system.

Done, this 9th day of September 2020

/s/
_____
Craig A. Cooper
Ga. Bar No.941033
The Semrad Law Firm, LLC
235 Peachtree St. NE
Suite 300
Atlanta, Georgia 30303